IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JIMMY AMMONS, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | 03-AR-1478-M |
| } | |
| EARTHGRAINS BAKING COMPANIES, } | |
| INC., } | |
| } | |
| Defendant. } | |

**ENTERED**
OCT - 6 2004

### MEMORANDUM OPINION

Before the court is the Rule 59(e), F.R.Civ.P, motion of defendant, Earthgrains Baking Companies, Inc. ("Earthgrains"), to alter or amend the court's order entered August 23, 2004, to the extent that the order denied Earthgrains' motion for summary judgment.[1] Plaintiff, Jimmy Ammons ("Ammons"), filed his complaint alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. He included an enigmatic reference to retaliation. Earthgrains filed a motion for summary judgment, along with supporting evidence, on June 30, 2004. Ammons' only response to Earthgrains' summary judgment motion and its supporting evidence was a five-page self-serving affidavit, much of which was later stricken.

---

[1] In its memorandum opinion of August 23, the court provided a detailed statement of facts relevant to this dispute. The court will not reiterate the facts here, but will instead emphasize those additional procedural facts necessary to provide a basis for decision on the current motion.

1

The court granted summary judgment in part, leaving for trial only Ammons' claim that he was retaliated against for filing an EEOC charge when he was not given a promotion that was given to Donald Hall, another black Earthgrains employee. Earthgrains filed a timely motion to alter or amend judgment on September 7, 2004, advancing several reasons why summary judgment should have been granted on the retaliation claim. Finding it unnecessary to address most of defendant's arguments, in light of the following analysis, the court will grant Earthgrains' motion on the ground that the evidence currently in the record creates no genuine fact issue as to whether Ammons' not getting the promotion that Donald Hall got was causally related to Ammons' filing his second EEOC charge.[2] Ammons cannot establish a *prima facie* case of retaliation, and Earthgrains is entitled to judgment as a matter of law.

## *Analysis*

As a preliminary matter, the court must determine whether it is appropriate to reconsider its decision to deny summary judgment under Rule 59(e). Earthgrains argues that the court should reconsider its decision in order to "correct clear error and avoid manifest injustice." Def. Motion to Alter/Amend, p. 2; see *Mitchell v. Crowell*, 975 F.Supp. 1440, 1442 (N.D. Ala. 1997)

---

[2] Earthgrains alternatively moved the court to supplement the record with two new affidavits in support of summary judgment. Finding that the evidence currently in the record provides a sufficient basis for decision, the court declines to consider Earthgrains' supplemental evidentiary submissions.

(identifying three grounds upon which motion to reconsider may be asserted, including an intervening change in controlling law, availability of new evidence, and to correct clear error or manifest injustice). Broadly stated, Earthgrains' position is that the court's decision was clearly erroneous and/or manifestly unjust for two reasons: 1) a retaliation claim was not properly pled; and 2) even if a retaliation claim was properly before the court, the claim cannot survive summary judgment.

The court first observes that any clear error in its decision to deny summary judgment can be laid at the feet of Earthgrains, which , as noted in the earlier memorandum opinion, only argued in defense of the retaliation claim "that Ammons did not want Hall's job, and thus did not suffer an adverse employment action." Mem. Opinion, p. 9. Because Earthgrains supported its sole argument with testimony that it mischaracterized, the court rejected Earthgrains' argument and declined to manufacture arguments on Earthgrains' behalf.

Earthgrains now correctly and appropriately points out that the complaint left more than a fair measure of uncertainty as to what claims Ammons was asserting. Ammons' affidavit filed in response to Earthgrains' summary judgment motion detailed for the first time a contention that he was retaliated against "by not being awarded the lead position awarded to Donald Hall." Pl. Aff. ¶ 24. Assuming *arguendo* that Ammons' had not properly pled

3

his retaliation claim (probably a correct assumption), the onus was on Earthgrains to point that out, and its failure to do so cannot create a basis for finding clear error on the court's part when it did not recognize the pleading deficiency. *See Montgomery v. City of Birmingham*, 2000 WL 1608620, *10 (N.D. Ala. January 20, 2000).

Nonetheless, to avoid manifest injustice, the court will exercise its discretion and proceed to the merits of Earthgrains' argument that summary judgment should have been granted on the retaliation claim, as if well pled. If there exists no genuine issue of fact for jury resolution, and if Earthgrains was entitled to summary judgment on the record before the court, it is in no one's interest to needlessly continue this litigation. Because the court finds that under these specific facts it would be manifestly unjust to allow the action to proceed to trial, the court will address the merits of Earthgrains' new and improved arguments in favor of summary judgment.

### *The Retaliation Claim*

To establish a *prima facie* case of retaliation an employee must demonstrate: (1) that he engaged in a statutorily protected activity, (2) that he suffered an adverse employment action, and (3) that there is a causal connection between the two. *Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 600-01 (11th Cir. 1986). Ammons argues that the promotion of Hall, instead of himself, to the lead

job on the rhondo line was in retaliation for Ammons' most recent antecedent EEOC complaint. See Ammons Aff. ¶ 24. In denying summary judgment, the court held that a genuine issue existed as to whether there had been an adverse employment action. Earthgrains did not raise, and the court did not address, the utter lack of substantial evidence to support the third element of Ammons' *prima facie* retaliation case; namely, the existence of a causal connection between his protected expression and the arguably adverse action taken.

It is this lack of a genuine issue for jury resolution as to causal connection that leads to this court's ultimate conclusion that the court's August 23 order was manifestly unjust and should be amended to grant summary judgment on Ammons' retaliation claim. To establish the causation element of a *prima facie* retaliation case, the plainitff must offer some evidence that his protected activity and the adverse employment action were not "wholly unrelated." *EEOC v. Reichhold Chem., Inc.*, 988 F.2d 1564, 1571 (11th Cir. 1993). There was at least a six-month lapse between Ammons' filing his second EEOC charge and the allegedly retaliatory promotion of Donald Hall to the lead job. A six-month time lapse, standing alone, as it does here, is insufficient to create an issue as to causal connection. See *Wascura v. City of South Miami*, 257 F.3d 1238, 1244-45 (11th Cir. 2001) (holding that three-and-a-half month lag between protected activity and discharge insufficient to

5

create inference of causal connection). Because Ammons offers nothing but the sequence of events and no other evidence to connect the decision to promote Hall with the second EEOC charge, the court expressly determines that there is no genuine issue for jury resolution with respect to the retaliation claim and that summary judgment should be granted on it.

### *Conclusion*

By separate order, the court will grant Earthgrains' motion to amend judgment pursuant to Rule 59(e), F.R.Civ.P., and will amend its order entered August 23, 2004, to grant summary judgment with respect to the retaliation claim.

DONE this  6ᵉ  day of October, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE